United States District Court

23 September 2005

Civil Action 05-11764-RWZ

Stephona Stokes on behalf of K.F
Plaintiff

V.

United States Department of Education &
MA Dept. of Education
Defendant(s)

EMERGENCY MOTION

I, Stephona Stokes, mother of minor K.F., would ask this Court to grant an Emergency Restraining Order against the Massachusetts Attorney General, preventing defendant from closing Roxbury Charter High Public School, as filed in the Trial Court of Massachusetts Superior Court Department County, Suffolk on the 21st day of September 2005 (Docket No. 05-4052-F. Plaintiff further requests that she be allowed to plead and be heard on Wednesday, 28th day of September 2005 on the motion for injunction and closure of the school. Plaintiff further request Defendant Release Payment due to Roxbury Charter to ensure educational quality while litigation is pending. My Reasons are as follows:

1. I am awaiting response from defendant as ordered by U.S. District Judge Rya W. Zobel on the 19th Day of September 2005.

2. Defendant has not allowed plaintiff to participate during numerous hearings related to the future education of said minor as defined in NCLB.

3. If the defendant (Attorney General) is granted injunction and closure of the Roxbury Charter High Public School, Plaintiff (Minor K.F.) will/does not have school placement, nor has defendant provided information regarding transition and has not allowed Choice as defined by NCLB. Note: Defendant has only instructed plaintiff with information to Boston Public School System. Who, in April stated that they did not have seats for students. (See Boston City Council Hearing Videotape Committee on Education Docket #0413 on the 25th day of April 2005. Hearing was Recessed for recall pending Response of defendant.

4. Plaintiff (Minor K.F.) has an Individual Educational Plan and deemed an American with a Disability under NCLB. Therefore, Defendant was to give priority to said minor in placement under Title I Rules.

5. Defendant stated that (they) would set up a Committee with parents in the December 2004 original Ruling and has not done so to date.

6. Defendant had the authority to assist school with Special Ed Education Requirements. And, because, defendant was aware that there was not a Special Education staff member at the school, Defendant did not abide by NCLB rules regarding Title I. Therefore, allowing said minor to suffer with disability. Although Defendant had authority to place Special Education staff at the school, they took no corrective action.

7. Defendant has a responsibility and Plaintiff has rights to fair and equal education. Plaintiff would ask that this court examine, the manner and processes by which the Defendant has performed, and order Defendant to respond.

Stephona Stokes
3414 Washington St #2
Roslindale, MA 02131
617-524-0543

SUFFOLK, ss.   **Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-4052-F

COMMONWEALTH OF MASSACHUSETTS , Plaintiff(s)

v.

ROXBURY CHARTER HIGH PUBLIC SCHOOL , Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:   Roxbury Charter High Public School

You are hereby summoned and required to serve upon  Jane L. Willoughby, Asst. Atty General  plaintiff's attorney, whose address is One Ashburton Place  Boston, Ma  02108 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint for a preliminary injunction and that a hearing upon such application will be held at the court house at said Boston of our said court on Wednesday in Ctrm. 1006 F session the twenty-eighth day of September A.D. 200 5 , at 2:00 o'clock P.M., at which time you may appear and show cause why such application should not be granted.

Witness, Barbara J. Rouse, Esquire, at Boston, the twenty-second day of September ,in the year of our Lord two thousand and five

Asst./ Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant each should be addressed to the particular defendant.

FORM CIV.P.2 3M 12/04

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-4052-F | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

PLAINTIFF(S): COMMONWEALTH OF MASSACHUSETTS

DEFENDANT(S): ROXBURY CHARTER HIGH PUBLIC SCHOOL

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: JANE L. WILLOUGHBY, ASSISTANT ATTORNEY GENERAL, ONE ASHBURTON PLACE, BOSTON MA 02108 (617) 727-2200

ATTORNEY (if known): RAIPHER D. PELLEGRINO, RAIPHER D. PELLEGRINO ASSOCIATES, 95 State Street, Suite 1100, Springfield MA 01103

Board of Bar Overseers number: 555693

### Origin code and track designation

Place an x in one box only:
1. F01 Original Complaint
2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
4. F04 District Court Appeal c.231, s. 97 & 104 trial) (X)
5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. E99   TYPE OF ACTION (specify): COMPLAINT TO ENFORCE AGENCY DECISION   TRACK (X)   IS THIS A JURY CASE? ( ) Yes (X) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .................. $........
2. Total Doctor expenses .................... $........
3. Total chiropractic expenses .............. $........
4. Total physical therapy expenses .......... $........
5. Total other expenses (describe) .......... $........
   Subtotal $........

Documented lost wages and compensation to date ........ $........
Documented property damages to date ................... $........
Reasonably anticipated future medical and hospital expenses ........ $........
Reasonably anticipated lost wages ..................... $........
Other documented items of damages (describe)
   $........

Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $........
   TOTAL $........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   NONE KNOWN

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 9/21/05