UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 OCT 12  P 3: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-11764-RWZ |

### MOTION IN RESPONSE TO MOTION OF THE MASSACHUSETTS DEPARTMENT OF EDUCATION TO EXTEND TIME TO RESPOND TO COMPLAINT

Pursuant to Fed. R. Civ. P. 6(b), Plaintiff Stephona Stokes, on behalf of minor K.F. (Pro Se), respectfully requests that this Court *deny* the Defendant Massachusetts Department of Education (DOE) to extend the time for it to respond to the Complaint in this matter up to and including November 17, 2005. As grounds for and in support of this motion, Stephona Stokes, on behalf of minor K.F. (Pro Se) states as follows:

1. Although Plaintiff filed her Complaint on or about August 24, 2005, the Massachusetts Department *was,* indeed served via certified mail on or about September 29, 2005. Defendant *was ordered* to respond to Plaintiff's Complaint by United States District Judge Rya Zobel on or about September 20, 2005, at which time Judge Zobel stated Defendant must do so within 20 days after service of

summons. A response to the Complaint *is due* on or about October 17, 2005 as ordered.

2. The Complaint *does indeed* raise complex legal issues. The Defendant may not have needed to prepare a response to the Complaint, had they provided Plaintiff with information, as requested and required, in accordance with No Child Left Behind (NCLB) months ago. Plaintiff requested the very same information (that she now seeks clarification from this Court), from the Defendant, continuously since December 2004. Plaintiff has not received one response, to any other inquiry that was made, to any representative of the Massachusetts Department of Education (DOE) until the filing of the Plaintiff's Civil Complaint to date – and that call came from their attorney Jane Willoughby. Therefore, Defendant has *in fact* been given well over nine months to communicate with parent of minor K.F. Defendant willfully refused to answer parental questions in violation of NCLB. Plaintiff filed Complaint after nine months of repeated attempts, to communicate with the DOE, but every effort was *completely* ignored. The Defendant is the Governing Education Authority for the United States (US) in Massachusetts. The Defendant provides and receives analysis, training, instruction, criteria and the overall quality of schools for most educational institutions in MA for or from the US Government. The Defendant has been derelict in its' duties and are mandated, under law, to respond "within reasonable" time. *Nine months is unreasonable*. As the "lead keeper of information", the Court information requested by the Plaintiff is readily available to the Defendant (because the Defendant is the "keeper and disseminator of academic

information) and it does *not* need to do substantial research and/or drafting. Defendant merely needs to respond to initial the Plaintiff's inquiries and questions.

3. Typical of the Defendant, the #3 point in their motion states ***"Due to the press of other business,"...***, indicates to the Plaintiff, that the Defendant wishes to continue to ignore the Plaintiff's right to be provided with adequate information and answers to questions, "in a timely fashion", about the past and future education of minor K.F. Defendant has not *fully* allowed Plaintiff to participate in any formal administrative hearing, that it has held as a result of its' rulings (even though the original ruling stated that the Commissioner would set up a Committee with parents as members – which never happened.  There have been three occasions in which the Plaintiff attended hearings and pleaded with Defendant to simply be heard but was denied, by the Defendant to participate, in hearings held by Commissioner Driscoll and DOE Board Members at locations of their choice.  The dates are as follows:  December 21, 2004 (Malden), May 24, 2005 (Northampton, MA 100 Miles From Boston) and September   , 2005 (Malden).  It is required, by law, for Plaintiff to enroll minor K.F. in school, if not, there are consequences that the State may take against her.  Plaintiff has made every effort available to her, to address the educational needs of minor K.F. with the Defendant.  Plaintiff continues to seek information, from the DOE.  There should be no business that "presses" more than the education of minor K.F. or any other child to the MA DOE, therefore "press on".

4. There are no hearings currently scheduled in this particular Court in this matter, however, there are other proceedings in ***Suffolk Superior Court Civil Action No. 05-4052-F***.  The referenced Complaint was originally filed by the Defendant, against the

Roxbury Charter High School (RCHS), to "Enforce Agency Decision" to immediately close the RCHS. RCHS appealed and was granted a "stay" by Suffolk Superior Court Judge Heinz on or about September 30, 2005. The Defendant filed an Emergency Motion to "reverse" Judge Heinz' ruling. The Defendant currently seeks to immediately close the RCHS in its' Motion in *Civil Action No. 05-4052-F*. The Defendant's behavior in the Court(s) is contradictory. In the Plaintiff's case before US District Court, the Defendant wishes to seek additional time to respond. Yet, in its' filing in Suffolk Superior Court it seeks an immediate action and closure of RCHS. Plaintiff is in fear, that, if the Defendant's motion in Suffolk Superior Court is granted, the interests of minor K.F. may not have been addressed nor would the minor's interests be in accordance with NCLB. Furthermore, the Plaintiff is fearful that the Defendant continues to abuse its' power by putting her off, and is knowingly trying to undermine the integrity of this Court, Suffolk Superior Court and both Judge Zobel's and Judge Heinz' orders. Defendant's Assistant Attorney General Jane Willoughby, contacted Plaintiff on October 7, 2005 to request a "courtesy", in that Plaintiff agree with the Defendant's Motion to Extend Time to Respond. Plaintiff indicated to Defendant that she does not wish to allow the Motion, on the basis that she believes that, although the two cases are separate, they are unequivocally connected. Ms. Willoughby indicated that she would seek the additional 30 days. Plaintiff requests Court to uphold the original order by Judge Zobel requiring the Defendant respond on or about October 17, 2005. The Plaintiff further requests that the Court consider all the evidence provided by the Plaintiff in denying the Defendant's motion.

5. Plaintiff is Pro Se in this action and does not have legal representation, nor does she have a legal background. Plaintiff has not been advised on instructions and procedures as this Complaint moves forward. Plaintiff is *somewhat* intimidated by her lack of knowledge versus that of Defendant's counsel. However, the Plaintiff believes the Court must examine the conduct, effort and practices of the Defendant and its' representatives in relationship to its' rulings, actions or lack thereof. The Plaintiff has waited many months and made countless attempts to receive answers from the Defendant, State representatives up to and including the United States Department of Education- all to no avail. The Plaintiff is relying on this Court to determine whether the Defendant has ensured Plaintiff with educational choice, quality and equality for minor K.F. as defined in NCLB.

6. Plaintiff's Civil Action No. 05-11764-RWZ preceded any legal action against all interested parties between RCHS, MA DOE & Pro Se on behalf of minor K.F in either Suffolk Superior Court or United States District Court. Plaintiff's case should take precedence over any action that the MA DOE may have against the RCHS and the Plaintiff because Plaintiff's Complaint was filed first.

7. The Plaintiff asks the Court to examine whether the Defendant's actions were negligent, their inability to respond to inquiries – was insulting, unprofessional, unlawful and possibly caused tremendous damage to minor K.F. Plaintiff indicates that she is "stressed out" with DOE because they were the only agency that could provide the answers to her questions. The Defendant's decisions caused an extended interruption of Special Educational services for several students at the RCHS. The amount of time that the DOE had to respond to Stephona Stokes has been more than

adequate. The fact that the Defendant had the authority and responsibility to place appropriate personnel at RCHS (as needed), when they became aware that there were compliance issues, and took no action, is reprehensible. The Plaintiff has put her own personal interests on hold until this matter is resolved. Plaintiff enrolled minor K.F. in RCHS for the 2005-2006 academic school year as a result of the DOE not providing additional alternatives other than the Boston Public School System. Plaintiff exercised the right of choice as defined in NCLB. To date Defendant has not provided any information about enrollment options.

8. Plaintiff asks this Court to investigate whether the MA DOE, Board Members and their staff have credentials that support their ability to make decisions for minor K.F. Additionally, it is important for the Plaintiff to know the educational backgrounds of MA DOE members as the Plaintiff believes the MA DOE have been administratively inept in their dealings with Plaintiff and families affected by their December 2004 decision and "dragging their feet" for months, preventing resolution. Plaintiff asks that an impartial panel examine the conduct of the MA DOE and report its' findings to the Plaintiff.

9. Plaintiff asks this Court to place an injunction on the MA DOE preventing DOE from allowing any additional charter schools to operate in the District of Boston

10. This action was filed as a Class Action Lawsuit. Parents, with students currently enrolled at the RCHS and any school in Massachusetts, who may have had similar experiences with the decisions and rulings made by the Defendant, may also join this action. The Public should be notified and informed that they may join this action.

WHEREFORE, for the reasons set forth above, Stephona Stokes on behalf of minor K.F. Pro Se respectfully requests that this Court deny the Massachusetts Department of Education an extension of time to and including November 17, 2005 to respond to the Complaint.

*[signature]*

Stephona Stokes
on behalf of minor K.F., Pro Se
Plaintiff
3919 Washington Street
Apartment #2
Roslindale, MA  02131
617-524-0543

of great magnitude, tion