FILED
CLERKS OFFICE

2005 NOV 10  P 3: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-11764-RWZ |

### RESPONSE TO THE MOTION OF THE MASSACHUSETTS DEPARTMENT OF EDUCATION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Stephona Stokes, on behalf of minor K.F. (Pro Se), ("plaintiff" or "Stokes") has brought an action against the United States Department of Education and the Massachusetts Department of Education ("MADOE"), the latter a state agency. Plaintiff's original Complaint did not appear to allege a specified violation of the "No Child Left Behind" (NCLB) statute by the MADOE. However, Plaintiff did cite violations and under NCLB 20 U.S.C. §§ 63Title I, Part A LEA Plan – "Consultation, Plan Development, and Duration LEA Plan must be developed in consultation with teachers, principals, administrators (including administrators of programs described in other parts of Title I), and other appropriate school personnel, including representatives designated by the appropriate collective bargaining units, *and with parents of children in schools served under this part.*

The Plan shall be available to the LEA's parents and the public, and shall be in an understandable format and, to the extent practicable, in a language that the parents can understand.

*If the Plan is not satisfactory to the parents of participating children, the LEA must submit any parent comments with such plan when the LEA submits the Plan to the State Education Department.*
01-6339 (Title I, Part A); Plaintiff believes this to be a violation, as information requested from the

MADOE was ignored for over 8 months.

The federal question that is presented in Plaintiff's "handwritten" or typewritten requests for information from the MADOE and the USDOE included many sections of the NCLB. The responsibility of the MADOE was to respond to parental concerns. The Plaintiff seeks this Court's assessment of the responsibility of the MADOE and the USDOE.

The MADOE's request to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. Pl. 12(b)(1) and 12(b)(6) is another attempt to ignore the Plaintiff. However, the MADOE has requested that they be protected by the Eleventh Amendment "an individual cannot take civil action against a state agency". The MADOE has neglected to acknowledge that the Complaint was filed as a "class action".

WHEREFORE, for the reasons set forth herein and in the orignal complaint, Plaintiff respectfully requests that this Court does NOT dismiss Complaint with prejudice.

## REQUEST FOR ORAL ARGUMENT

Plaintiff, welcomes the opportunity for oral argument to receive clarification of any exceptions to the Eleventh Amendment. The actions or lack thereof by the MADOE and any violations of the NCLB federal law, as oral argument may be of assistanct to the Court. *Please Note:* The Plaintiff has no legal representation and is not well versed with the proceedings of this Court and has no other recourse as the MADOE has completely ignored Plaintiff. Therefore, Plaintiff requests that this Court take this under consideration when ruling on requests.

Assistant Attorney General Jane Willoughby states that she contacted Plaintiff "in order to narrow or resolve the issue". However, Plaintiff maintains that Ms. Willoughby, only conferred with her to state that she intended to file the "Motion to Dismiss". When Plaintiff asked Ms. Willoughby during the week of October 17, 2005 "how does she intend to narrow or resolve the issue", Ms. Willoughby claimed that she is mandated to contact Plaintiff in good faith - there was no mention of "issue resolution", she did not even offer a meeting with her client. Finally, the Plaintiff has taken this action not only because of the debacle with Roxbury Charter High Public School, but because the Defendant MADOE was not held accountable for the child's grades and promotions during three years prior to 2004 and because the IEP testing was not conducted in the manner in which state and federal law mandates.

Respectfully submitted
Stephona Stokes (Pro Se)

*Stephona Stokes* (signature)

Stephona Stokes
3919 Washington Street
Roslindale, MA 02131
617-524-0543

Dated: November 10, 2005

# Individuals with Disabilities Education Act

The Individuals with Disabilities Education Act (IDEA) (formerly called P.L. 94-142 or the Education for all Handicapped Children Act of 1975) requires public schools to make available to all eligible children with disabilities a free appropriate public education in the least restrictive environment appropriate to their individual needs.

IDEA requires public school systems to develop appropriate Individualized Education Programs (IEP's) for each child. The specific special education and related services outlined in each IEP reflect the individualized needs of each student.

IDEA also mandates that particular procedures be followed in the development of the IEP. Each student's IEP must be developed by a team of knowledgeable persons and must be at least reviewed annually. The team includes the child's teacher; the parents, subject to certain limited exceptions; the child, if determined appropriate; an agency representative who is qualified to provide or supervise the provision of special education; and other individuals at the parents' or agency's discretion.

If parents disagree with the proposed IEP, they can request a due process hearing and a review from the State educational agency if applicable in that state. They also can appeal the State agency's decision to State or Federal court. For more information, contact:

> Office of Special Education Programs
> Office of Special Education and Rehabilitative Services
> U.S. Department of Education
> 400 Maryland Avenue, S.W.
> Washington, D.C. 20202-7100
>
> ed.gov about/offices/list/osers/osep
>
> (202) 205-5507 (voice/TTY)