UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se), | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION ) NO. 05-11764-RWZ |
| UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION, | ) ) ) ) ) |
| Defendants. | ) ) |

**RESPONSE OF THE MASSACHUSETTS DEPARTMENT
OF EDUCATION TO PRO SE PLAINTIFF STOKES'S
LETTER TO THE COURT DATED JANUARY 25, 2006**

Plaintiff Stephona Stokes, pro se, has addressed a letter to the Court in connection with this matter. Because it is not clear to the Massachusetts Department of Education ("MADOE") whether plaintiff's letter will be treated by the Court as a motion, MADOE files this response.

1. Plaintiff's characterization of her Amended Complaint[1] in this matter could be read as a motion to further amend her complaint. If the Court chooses to so read it, MADOE respectfully requests the opportunity formally to oppose that motion.

2. Plaintiff's characterization of Commonwealth v. Roxbury Charter High Public School ("RCHS"), Suffolk Superior Court Civil Action No. 2005-04052, requires clarification. That case is an action brought by the Commonwealth of Massachusetts to enforce the Board of

---

[1] Plaintiff filed an initial complaint in the above-referenced matter and then filed a motion to amend. The motion to amend has not been ruled on.

Education's September 14, 2005, revocation of RCHS's charter. On December 20, 2005, the Superior Court (Hines, J.) affirmed the Board of Education's revocation decision. RCHS has not appealed from the Superior Court's decision.[2]

3. Plaintiff's letter can also be read as seeking a hearing on the pending motion of the MADOE to dismiss plaintiff's Amended Complaint. MADOE has no objection to that portion of plaintiff's letter only.

4. The other matters raised by plaintiff in her letter have been addressed by the MADOE's motion to dismiss, memorandum of law in support, and other filings. To the extent that the Court deems any matter therein not so addressed, and depending on how the Court treats her letter, the MADOE would respectfully request an opportunity to respond if the Court so

---

[2] Plaintiff's reference to the "'three-panel' judge appeal" also requires clarification. After the Superior Court issued a preliminary ruling in the Suffolk action staying the Board's revocation and remanding the matter to the Board for the taking of additional evidence, the Commonwealth appealed that ruling to a Single Justice of the Appeals Court under Mass. Gen. Laws. c. 231, § 118, ¶ 1. Appeals Court Docket No. 2005-J-0500. A Single Justice of the Appeals Court (Laurence, J.) overturned much of the Superior Court's initial ruling, including the stay and the remand. (The Single Justice later issued a modification of his decision permitting RCHS to remain open until the Superior Court issued its ruling on the merits, which ruling, as noted in the text, issued on December 20, 2005, in favor of the Commonwealth). RCHS filed a notice of appeal from the Single Justice's decision, but did not docket its appeal. It moved once to docket its appeal late and that motion was granted, on the condition that RCHS docket its appeal on or before November 25, 2005. Appeals Court Docket No. 2005-J-0574. RCHS again failed to docket its appeal. On January 12, 2006, RCHS again moved to docket its appeal late, and the Commonwealth this time opposed that motion. The Single Justice (Peretta, J.) has not ruled on that motion as of January 31, 2006. Appeals Court Docket No. 2006-J-0023. A federal court may take judicial notice of state court records. United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

desires.

          Respectfully submitted,

          MASSACHUSETTS DEPARTMENT OF EDUCATION

          By its attorneys,

          THOMAS F. REILLY
          ATTORNEY GENERAL

          /s/ Jane L. Willoughby
          Jane L. Willoughby BBO 555693
          Assistant Attorney General
          Administrative Law Division
          Government Bureau
          One Ashburton Place, 20th Floor
          Boston, Massachusetts 02108
          (617) 727-2200, ext. 2615

Dated: January 31, 2006

## CERTIFICATE OF SERVICE

     I, Jane L. Willoughby, Assistant Attorney General, hereby certify that on January 31, 2006, I caused to be served one copy of the within filing on plaintiff by causing it to be mailed via first-class mail to Stephona Stokes, pro se, 3919 Washington Street, # 2, Roslindale, Massachusetts 02131

          /s/ Jane L. Willoughby
          Jane L. Willoughby
          Assistant Attorney General