UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se),<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>        Defendants. | CIVIL ACTION<br>NO. 05-11764-RWZ |

**STATE DEFENDANT'S OPPOSITION TO MOTION OF STEPHONA STOKES, PRO SE, FURTHER TO AMEND COMPLAINT[1]**

Plaintiff pro se Stephona Stokes has moved again to amend her complaint in this matter. In short, the Court should deny plaintiff leave to amend because allowance of the motion to amend would be futile, as the proposed amendment does not cure any, let alone all, of the defects in plaintiff's original Complaint or in her subsequent motion to amend. In fact, plaintiff's latest filing states no new matter at all, except for an amorphous reference to unspecified (and unsupported) civil rights violations, which, among other things, is insufficient to state a claim. For all of these reasons and for the reasons previously set forth in the Memorandum of Law of the Massachusetts Department of Education in Support of its Motion to Dismiss Plaintiff's

---

[1] The full title of plaintiff's filing to which this memorandum responds is "Request for Notice of Default Against the United States Department of Education and Motion to Further Amend Complaint and Reply to Response of the Massachusetts Department of Education Dated January 31, 2006 to Pro Se Plaintiff Stephona Stokes' Letter to the Court Dated January 25, 2006." The portion of plaintiff's filing seeking a default against the United States Department of Education does not apply to the Massachusetts Department of Education (the "State Defendant" or "MADOE"). Consequently, this memorandum will address only that portion of plaintiff's filing seeking further to amend her complaint.

Complaint (the "Dismissal Memorandum"), and the State Defendant's Opposition to Motion of Stephona Stokes, Pro Se, to Amend Complaint (the "Amendment Memorandum"), plaintiff's motion further to amend her complaint should be denied and her Complaint dismissed with prejudice.

The factual allegations and procedural background are set forth extensively in the Dismissal Memorandum and the Amendment Memorandum, and thus will not be repeated here, except to note that on February 16, 2006, plaintiff filed a "Request for Default Against the United States Department of Education and Motion to Further Amend Complaint and Reply to Response of the Massachusetts Department of Education Dated January 31, 2006 to Pro Se Plaintiff Stephona Stokes' Letter to the Court Dated January 25, 2006" (the "Motion Further to Amend").  In the Motion Further to Amend, plaintiff merely repeats matter contained in her previous filings and adds an amorphous reference to unspecified and unsupported "Local, State or Federal Civil Rights violations[.]"

## ARGUMENT

### PLAINTIFF'S MOTION FURTHER TO AMEND SHOULD BE DENIED BECAUSE ALLOWANCE OF AN AMENDMENT WOULD BE FUTILE.

Plaintiff's attempt further to amend her complaint should be denied because amendment would be futile.  In general, a party may amend the party's pleading only by leave of court and leave shall be freely given when justice so requires.  Nonetheless, "if the amendment would be futile or would reward undue delay[,]" leave must be denied.  Robinson v. Bodoff, 382 F. Supp. 2d 229, 232 (D. Mass. 2005).  Here, plaintiff's proposed amendment does not cure any, let alone all, of the fatal defects in her previous pleading.  Consequently, the Motion Further to Amend

should be denied and the Complaint should be dismissed.

The Motion Further to Amend does not address the fact that plaintiff has asserted no claim cognizable under federal law and that, even if she had, no private right of action exists under NCLB.  See Association of Community Organizations for Reform Now v. New York City Department of Education, 269 F. Supp. 2d 338 (S.D.N.Y. 2003).  See generally the Dismissal Memorandum at 6-7, 11-13, which is incorporated generally herein by reference, and the Amendment Memorandum at 6, which is also generally incorporated herein by reference.  In addition, her references to other parties being added to the Complaint has been addressed by the State Defendant in the Amendment Memorandum at 5.  Her reference to the Individuals with Disabilities Education Act has been addressed by the State Defendant previously in the Dismissal Memorandum at 13 n.4 and in the Amendment Memorandum at 6.  As stated previously, plaintiff's repeated assertion that she has filed this case as a class action is simply not true and is addressed by the State Defendant in the Amendment Memorandum at 6.

Plaintiff's amorphous reference to unspecific "Local, State or Federal Civil Rights violations[,]" Motion Further to Amend at par. 1, is not specific enough to respond to and in any event, plaintiff has alleged no facts supporting such a claim.  Plaintiff's previous, sub silentio, attempt to assert a 42 U.S.C. § 1983 claim is addressed in the Amendment Memorandum at 5, and is equally applicable here.  Finally, plaintiff's request to consolidate Commonwealth v. Roxbury Charter High Public School, Suffolk Superior Court Civil Action No. 2005-04052, with this action should be denied, not least because  (1) the state case is not pending before this Court, (2)  plaintiff is not a party to the state case, and (3)  the state case has gone to judgment.  See Fed. R. Civ. P. 42(a).  See also C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Supp. 2005) at 190 (a federal court may not consolidate an action pending in federal court with

an action pending in state court, citing Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc., 182 F. Supp. 2d 599 (S. D. Tex. 2002)).[6]

## CONCLUSION

For all of the above reasons, and for all of the reasons set forth in the Dismissal Memorandum and in the Amendment Memorandum, which are incorporated herein by reference, the State Defendant respectfully requests that this Court deny plaintiff's Motion Further to Amend and dismiss plaintiff's Complaint with prejudice.

        Respectfully submitted,

        MASSACHUSETTS DEPARTMENT
        OF EDUCATION

        By its attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Jane L. Willoughby
        Jane L. Willoughby, BBO 555693
        Assistant Attorney General

---

[6] Plaintiff's reference to "Judge Hines" at paragraph 3 of the Motion Further to Amend is a reference to Commonwealth v. Roxbury Charter High Public School, Suffolk Superior Court Civil Action No. 2005-04052, and requires clarification. Plaintiff states that Roxbury Charter High Public School has appealed Judge Hines's December 20, 2005, decision affirming the Board of Education's revocation of the School's charter. To the contrary, no notice of appeal from Judge Hines's December 20, 2005, decision (or the February 7, 2006, judgment) appears on the docket of that case, and the only other appeal of the School that had been pending – an appeal from an interlocutory decision of a Single Justice of the Appeals Court – was never docketed. Appeals Court Docket No. 2005-J-0574. Recently, a Single Justice of the Appeals Court denied the School's second motion to docket that appeal late. Appeals Court Docket No. 2006-J-0023. Consequently, there are no appeal proceedings pending with respect to the Superior Court matter. A federal court may take judicial notice of state court records. United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

Administrative Law Division<br>
Government Bureau<br>
One Ashburton Place<br>
Boston, Massachusetts 02108<br>
(617) 727-2200, ext. 2615

Dated: February 23, 2006

CERTIFICATE OF SERVICE

     I, Jane L. Willoughby, Assistant Attorney General, hereby certify that on February 23, 2006, I caused to be served one copy of the within filing on plaintiff by causing it to be mailed via first-class mail to Stephona Stokes, pro se, 3919 Washington Street, # 2, Roslindale, Massachusetts 02131.

/s/ Jane L. Willoughby<br>
Jane L. Willoughby<br>
Assistant Attorney General