UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F., <br><br>  Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION, <br><br>  Defendants. | Civil Action No. 05-11764-RWZ |

OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT
AND MEMORANDUM IN SUPPORT OF THE UNITED STATES'S
CROSS-MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO REQUIRE THE PLAINTIFF TO EFFECT PROPER SERVICE
<u>ON THE FEDERAL DEFENDANT</u>

The United States of America hereby opposes plaintiff's request for an order of default against the United States Department of Education.  The Court should deny Plaintiff's request because she failed to properly serve the federal government.  Further, the United States submits this memorandum, pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure, in support of its Motion To Dismiss, Or, In the Alternative, To Require the Plaintiff To Effect Proper Service on the Federal Defendant.  For the reasons stated below, the Court should deny plaintiff's request and dismiss the complaint because of the plaintiff's failure to properly serve the federal defendant in accordance with Rule 4(i)(2) of the Federal Rules of Civil Procedure.  Furthermore, the complaint fails to state a cognizable claim.  Alternatively, if the Court declines to

dismiss the complaint as it pertains to the United States at this time, the Court should require the plaintiff to effect proper service on the federal defendant within 20 days, and if proof of proper service is not submitted within 10 days thereafter, the Court should then dismiss the case against the United States.

## BACKGROUND

The plaintiff, Stephona Stokes, filed her complaint on August 24, 2005.  See Docket Entry No. 2.  The complaint appears to allege that the United States Department of Education ("USDOE") and the Massachusetts Department of Education ("MADOE") somehow violated the No Child Left Behind Act.  See P.L. 107-110, codified at 20 U.S.C. §§ 6301-6339 (Title I, Part A); 20 U.S.C. §§ 6421-6472 (Title I, Part D); 20 U.S.C. §§ 6601-6651 (Title II, Part A); 20 U.S.C. §§ 6751-6777 (Title II, Part D); 20 U.S.C. §§ 6811-6871 (Title III, Part A); 20 U.S.C. §§ 7101-7165 (Title IV, Part A); 20 U.S.C. §§ 7201-7217e (Title V, Part A) ("NCLBA").  The Complaint, however, does not describe what the USDOE did to violate the NCLBA.

The docket for this action records that Plaintiff served the MADOE and the Attorney General for the United States on September 27, 2005, and October 3, 2005, respectively.  See Docket Entries Nos. 8 and 9.  However, Plaintiff did not serve the USDOE or the United States Attorney for the District of Massachusetts.

ARGUMENT

    A.    The Court Should Deny Plaintiff's Request For An Order Of Default And Dismiss The Case Pursuant To Fed. R. Civ. P. 12(b)(5) For Insufficiency Of Process

The requirements of service are jurisdictional in nature; absent service or a proper waiver by the defendant, a court cannot adjudicate the rights of the parties.  See United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction"); see also Omni Capital International v. Rudolf Wolff & Co., Ltd, 484 U.S. 97, 103 (1987).  It is the burden of the Plaintiff to establish that proper service has been effected.  United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).

By its clear terms, Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service upon the United States shall be effected by delivering or mailing (by registered or certified mail) a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, and by mailing a copy of the summons and complaint to the Attorney General at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A), and (B).  Rule 4(i)(2)(A) further provides that a plaintiff must also send a copy of the summons and complaint by

3

registered or certified mail to the agency.  As stated above, Plaintiff has failed to serve the United States Attorney for the District of Massachusetts and the USDOE, and, therefore service of process is insufficient.

Proper service should not be considered an empty procedural exercise.  Williams v. Jones, 11 F.3d 247, 254-255 (1st Cir. 1993).  In fact, without proper service, no valid judgment can be obtained against the United States.  4A Wright & A. Miller, Federal Practice and Procedure, Civil 2d § 1106 at 146 (1987). The proper administration of defensive litigation by the Department of Justice, including appropriate delegation and assignment of responsibilities, depends in large part upon proper receipt of a summons and complaint by the United States Attorney's Office, the Attorney General, and the named agency pursuant to Rule 4(i).

Where a plaintiff has failed to serve the United States properly under Rule 4(i), the appropriate remedy is to dismiss the case.  See, e.g., McGregor v. United States, 933 F.2d 156 (2d Cir. 1991); McLamb v. U.S. Dept. of Treasury, 858 F. Supp. 1042 (S.D. Cal. 1994); Dutkiewicz v. Foster, 88 F.R.D. 85 (D. Mass. 1980)(dismissing a *pro se* plaintiff's action for failure to comply with Fed. R. Civ. P. 4).[1]  The fact that plaintiff is *pro*

---

[1] A few circuits have held that Rule 4 should not be construed so rigidly as to require dismissal for "technical"
(continued...)

4

*se* does not excuse her from failing to properly serve the United States. Indeed, there is "a long line of authority rejecting the notion that pro se litigants in either civil or regulatory cases are entitled to extra procedural swaddling." <u>Eagle Eye Fishing Corp. v. U.S. Department of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994). Accordingly, because the plaintiff failed to comply with the clear and mandatory requirements of Fed. R. Civ. P. 4(i), the Court should deny Plaintiff's request for an order of default and dismiss the complaint as it pertains to the United States.

    B.    The Court Should Dismiss The Case Pursuant To Fed. R. Civ. P. 12(b)(6) For Failure To State A Claim

Additionally, the Complaint and the papers filed with it fail to meet the basic pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure in that it contains no allegations describing why she is entitled to relief from the

---

[1](...continued)
defects in service upon the government. The factors considered by these courts are (1) whether the necessary parties in the government have actual notice of the suit; (2) whether the government suffers prejudice from the defect; (3) whether there is a justifiable excuse for the failure to serve properly; and (4) whether the plaintiff would be severely prejudiced if the complaint were dismissed. <u>See</u> <u>Gargano v. I.R.S.</u>, 207 F.R.D. 22, 23 (D. Mass. 2002); <u>Zankel v. United States</u>, 921 F.2d 432, 436 (2nd Cir. 1990). These factors, however, would not justify denial of the government's motion. Here, plaintiff provides no evidence that the USDOE or the United States Attorney's Office had any knowledge of her suit prior to receiving notice that she had requested an order of default against the United States. Moreover, there is no justifiable excuse for the plaintiff's failure to properly serve the complaint.

USDOE.  See Fed. R. Civ. P. 8(a)(2).  The Complaint merely concludes, after describing conduct purportedly engaged in by the MADOE, that the USDOE violated the NCLBA.  Complaint, ¶ 9.  The papers filed with the Complaint provide no further guidance as to plaintiff's allegations against the USDOE.  Indeed, the only document plaintiff provided concerning the USDOE is a copy of an email that she apparently sent to the USDOE on May 12, 2005, requesting "federal intervention/mediation" in her dispute with the Commonwealth.  See Docket No. 2-1, page 19.  Even under the less stringent standards Courts hold pro se pleadings to, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Complaint clearly fails to give the United States "fair notice of what [her] claim is and the grounds upon which it rests," and, therefore, dismissal of the complaint as it pertains to the USDOE is warranted.  See, e.g., Rivera v. Rhode Island, 402 F.3d 27, 22 (1st Cir. 2005); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) ("minimal requirements are not tantamount to nonexistent requirements.  The threshold may be low, but it is real -- and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation.  The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.").

Moreover, it is axiomatic that the United States is immune from suit unless it has expressly consented to be sued. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). The United States has not consented to be sued under the NCLBA, and, therefore, the doctrine of sovereign immunity bars plaintiff's instant action against the federal government. <u>See generally</u> NCLBA. Accordingly, the Court should dismiss plaintiff's claim against the USDOE because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>See</u> <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005) (citations omitted).

    C.    Alternatively, The Court Should Require The Plaintiff To Effect Proper Service On The United States Within 20 Days

In the event the Court decides that the complaint as it pertains to the United States should not be dismissed, the Court should require the plaintiff to make proper service within 20 days. In limited circumstances, courts have declined to dismiss a case where service of process was insufficient, and instead directed the plaintiff to make proper service. <u>See</u> Fed. R. Civ. P. 4(m); <u>cf</u>. <u>Williams</u>, 11 F.3d at 254-255 (in an action to enforce an award by an administrative law judge, the court held that service requirements of Rule 4 applied to such an action, and, without further explanation, remanded the case so that the

7

plaintiff could properly serve the enforcement petition on the defendant).

If the Court finds that the plaintiff's complaint as it pertains to the United States should not be dismissed in this instance, the Court should require the plaintiff to effect proper service on the United States within 20 days.  If proof of proper service is not submitted within 10 days thereafter, the Court should then dismiss the case as it pertains to the United States.

CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for an order of default against the United States and dismiss the complaint as it pertains to the federal government. Alternatively, if the Court denies the United States's motion, it should order the plaintiff to effect proper service on the United States within 20 days, and if proof of proper service is not submitted within 10 days thereafter, the Court should then dismiss the case as it pertains to the United States for insufficient service of process.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney
>Moakley Federal Courthouse
>One Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3398

Dated: February 24, 2006

## CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, on February 24, 2005, I have conferred with the *pro se* Plaintiff and have attempted in good faith to resolve the issues addressed in this Motion.

                                         /s/ Damian W. Wilmot
                                         DAMIAN W. WILMOT
                                         Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.                            Boston, Massachusetts
                                         February 24, 2005

I certify that on February 24, 2005, I caused a copy of the foregoing Motion to be served on Plaintiff, Stephona Stokes, 3919 Washington Street, Apt. #2, Roslindale, MA 02131, by first class mail, postage pre-paid.

                                         /s/ Damian W. Wilmot
                                         DAMIAN W. WILMOT
                                         Assistant U.S. Attorney