UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se),<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendants. | CIVIL ACTION<br>NO. 05-11764-RWZ |

**STATE DEFENDANT'S OPPOSITION TO PLAINTIFF PRO SE STEPHONA STOKES'S MARCH 14, 2006, FILING**

Plaintiff pro se Stephona Stokes has filed a document titled "Multiple Affidavits in Support of Complaint Filed by Stephona Stokes" (the "Filing"). For all of the reasons previously set forth by the Massachusetts Department of Education ("MADOE" or the "State Defendant") in (1) the Memorandum of Law of the Massachusetts Department of Education in Support of its Motion to Dismiss Plaintiff's Complaint (the "Dismissal Memorandum"); (2) the State Defendant's Opposition to Motion of Stephona Stokes, Pro Se, to Amend Complaint (the "Amendment Memorandum"); and (3) the State Defendant's Opposition of Motion of Stephona Stokes, Pro Se, Further to Amend Complaint (the "Further Amendment Memorandum"), all of which are incorporated herein by reference, plaintiff's Filing should be rejected by this Court.

In particular, plaintiff pro se may not represent the other persons who purportedly wish to

join this lawsuit[1] because she is not an attorney.  Plaintiff also purports to seek relief on behalf of Roxbury Charter High Public School,[2] relief she may not request as RCHS is not a party to this litigation, and, even if it were, she could not represent it.  See Amendment Memorandum at 6.

Furthermore, any additional theories plaintiff may be purporting to assert – assuming they are in fact new theories and not variant iterations of previously-asserted claims – are not part of this litigation, as she has not moved to amend her complaint to assert those claims; consequently those claims, and the requests for collateral relief based on those claims, are not before this Court.  To the extent that plaintiff seeks relief under the No Child Left Behind Act and the Individuals with Disabilities Education Act, the State Defendant has addressed those claims multiple times.  See Dismissal Memorandum at 6-7, 11-13; Amendment Memorandum at 6; Further Amendment Memorandum at 3 (NCLB); Dismissal Memorandum at 13 n.4; Amendment Memorandum at 6; Further Amendment Memorandum at 3 (IDEA).

In addition, plaintiff's repeated request to consolidate this case with Commonwealth v. Roxbury Charter High Public School, Suffolk Superior Court Civil Action No. 2005-4052, should be rejected for the reasons set forth in the Further Amendment Memorandum at 3-4.

All of the matters raised by plaintiff in her Filing have been addressed by the MADOE's

---

[1] Indeed, while plaintiff has purported to file "Affidavits" on behalf of the persons named therein, the documents are not sworn and not signed under the pains and penalties of perjury.  Consequently, they do not constitute affidavits.

[2] On December 20, 2005, the Superior Court affirmed the Board of Education's revocation of the charter of the Roxbury Charter High Public School ("RCHS") under state law.  On March 6, 2006, RCHS filed a Notice of Appeal; on March 14, 2006, RCHS filed a two-page Motion to Stay the judgment of the Superior Court.  That Motion to Stay has not yet been acted upon by the Superior Court.  Consequently, contrary to plaintiff's representations RCHS is neither a charter school because its charter has been revoked, nor a private school, as private schools must be licensed by the school district in which the school is located.

motion to dismiss, memorandum of law in support, and other filings. To the extent that the Court deems any matter therein not so addressed, the MADOE would respectfully request an opportunity to respond if the Court so desires.

## CONCLUSION

For all of the above reasons, and for all of the reasons set forth in the Dismissal Memorandum, the Amendment Memorandum and the Further Amendment Memorandum, which are incorporated herein by reference, the State Defendant respectfully requests that this Court reject plaintiff's Filing and dismiss plaintiff's Complaint with prejudice.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT
OF EDUCATION

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Jane L. Willoughby
Jane L. Willoughby, BBO 555693
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2615

Dated: March 16, 2006

**CERTIFICATE OF SERVICE**

      I, Jane L. Willoughby, Assistant Attorney General, hereby certify that on March 16, 2006, I caused to be served one copy of the within filing on plaintiff by causing it to be mailed via first-class mail to Stephona Stokes, pro se, 3919 Washington Street, # 2, Roslindale, Massachusetts 02131; and on the United States Department of Education via electronic service.

                                                 /s/ Jane L. Willoughby
                                                 Jane L. Willoughby
                                                 Assistant Attorney General