UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHONA STOKES, on behalf of minor K.F. (Pro Se),<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION AND MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br>NO. 05-11764-RWZ |

### STATE DEFENDANT'S RESPONSE TO THE EMERGENCY REQUEST OF PLAINTIFF PRO SE STEPHONA STOKES FOR HEARING

Plaintiff pro se Stephona Stokes seeks an emergency hearing on special education matters related to her son, K.F. Plaintiff's request, as stated, should be denied because, as previously pointed out in the Memorandum of Law of the Massachusetts Department of Education in Support of its Motion to Dismiss Plaintiff's Complaint (the "Dismissal Memorandum"), and the State Defendant's Opposition to Motion of Stephona Stokes, Pro Se, to Amend Complaint (the "Amendment Memorandum"), plaintiff has failed to exhaust her administrative remedies concerning any special education issue she seeks to raise.

The factual allegations and procedural background are set forth extensively in the Dismissal Memorandum and the Amendment Memorandum, and thus will not be repeated here. For the reasons previously set forth, the plaintiff has alleged no claim cognizable under federal

law and that, even if she had, no private right of action exists under NCLB.  See Association of Community Organizations for Reform Now v. New York City Department of Education, 269 F. Supp. 2d 338 (S.D.N.Y. 2003).  See generally the Dismissal Memorandum at 6-7, 11-13, which is incorporated generally herein by reference, and the Amendment Memorandum at 6, which is also generally incorporated herein by reference.  Her reference to the Individuals with Disabilities Education Act has been addressed by the State Defendant previously in the Dismissal Memorandum at 13 n.4 and in the Amendment Memorandum at 6.[1]

## CONCLUSION

For all of the above reasons, and for all of the reasons set forth in the Dismissal Memorandum and in the Amendment Memorandum, which are incorporated herein by reference, the State Defendant respectfully requests that this Court deny plaintiff's Emergency Request for Hearing.  The State Defendant notes further, however, that it would have no objection to a hearing on the motions presently pending before the Court.

        Respectfully submitted,

        MASSACHUSETTS DEPARTMENT
        OF EDUCATION

        By its attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

---

[1] As previously noted, on December 20, 2005, the Superior Court affirmed the Massachusetts Board of Education's revocation of the charter of Roxbury Charter High Public School ("RCHS").  On March 6, 2006, RCHS filed a Notice of Appeal and on March 14, 2006, RCHS filed a Motion to Stay the Superior Court's decision.  The Motion to Stay was denied by the Superior Court on March 29, 2006.  Commonwealth of Massachusetts v. Roxbury Charter High Public School, Suffolk Superior Court Civil Action No. 2005-04052-F.

/s/ Jane L. Willoughby  
Jane L. Willoughby, BBO 555693  
Assistant Attorney General  
Administrative Law Division  
Government Bureau  
One Ashburton Place  
Boston, Massachusetts 02108  
(617) 727-2200, ext. 2615  

Dated: April 11, 2006

## CERTIFICATE OF SERVICE

    I, Jane L. Willoughby, Assistant Attorney General, hereby certify that on April 11, 2006, I caused to be served one copy of the within filing on plaintiff by causing it to be mailed via first-class mail to Stephona Stokes, pro se, 3919 Washington Street, # 2, Roslindale, Massachusetts 02131; the United States Department of Education was served via electronic filing.

/s/ Jane L. Willoughby  
Jane L. Willoughby  
Assistant Attorney General
