UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION 05-11764-RWZ

STEPHONA STOKES,
on behalf of minor K.F.

v.

UNITED STATES DEPARTMENT OF
EDUCATION and MASSACHUSETTS
DEPARTMENT OF EDUCATION

MEMORANDUM OF DECISION

July 10, 2006

ZOBEL, D.J.

Pro se plaintiff Stephona Stokes has filed suit against the United States Department of Education ("federal defendant") and the Massachusetts Department of Education ("state defendant"), on behalf of minor K.F. She alleges violations of the federal No Child Left Behind Act ("NCLBA"), P.L. 107-110, codified at 20 U.S.C. §§ 6301-6339, 6421-6472, 6751-6777, 6811-6871, 7101-7165, 7201-7217e. Currently pending are several motions, including motions to dismiss filed by both defendants.

1. Plaintiff's Motion for Hearing (Docket #24)

The motion, filed on April 7, 2006, is moot, in light of the May 3, 2006 hearing.

2. Plaintiff's Motion for Leave to Amend the Complaint (Docket #13)

In this motion, plaintiff seeks to add certain individuals as defendants. She has not elaborated on the basis for amendment, but the federal defendant has filed no opposition and, while the state defendant opposes amendment, it argues that in any

event, dismissal of the amended complaint is appropriate. Accordingly, the motion is allowed.

3. <u>Plaintiff's Request for Entry of Default and for Leave to Amend the Complaint (Docket #18) and Federal Defendant's Cross-Motion to Dismiss (Docket #20)</u>

In this motion, plaintiff seeks both leave to further amend the complaint and an entry of default against the federal defendant. The state defendant opposes, but again argues in the alternative that even if amendment is allowed, dismissal is required. Therefore, insofar as plaintiff seeks leave to amend, the motion is allowed.

Plaintiff also seeks an order of default against the federal defendant, on grounds that it failed to comply with the court's September 20, 2005 procedural order, which directed the United States Marshal to serve a copy of the summons and complaint upon the defendants "as directed by the plaintiff." (Docket #3). The federal defendant has cross-moved for dismissal and argues (1) that entry of default is not appropriate, since the federal defendant has not been properly served, (2) that dismissal is required under Fed. R. Civ. P. 12(b)(5) for insufficiency of process, and (3) that dismissal is also warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Entry of default against a defendant pursuant to Fed. R. Civ. P. 55 is appropriate only when the defendant has been properly served. <u>See, e.g.</u>, <u>Marcantonio v. Primorsk Shipping Corp.</u>, 206 F. Supp. 2d 54, 60 (D. Mass. 2002). In this case, proper service has not been made. Under Fed. R. Civ. P. 4(i)(1), plaintiff was required to effect service upon both the United States Attorney for the District of Massachusetts, as well as the Attorney General of the United States. Under Fed. R. Civ. P. 4(i)(2), plaintiff was

further required to serve the United States Department of Education. The record indicates that plaintiff has served only the Attorney General of the United States. (Docket #9).[1] Accordingly, plaintiff's request for entry of default is denied.

The federal defendant also seeks dismissal, not only for lack of service, but also for failure to state a claim. Under Fed. R. Civ. P. 12(b)(6), I accept all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of plaintiff. Even under the more liberal pleading standards to which pro se plaintiffs are generally held, see, e.g., O'Connor v. Yezukevicz, 589 F.2d 16, 18 (1st Cir. 1978), dismissal is warranted, because the complaint fails to articulate how the federal defendant violated the NCLBA and thus fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). The federal defendant's motion is therefore allowed.

4.   State Defendant's Motion to Dismiss (#10)

The state defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2] The motion is allowed. First, the complaint asserts a violation of the NCLBA, but that statute did not create individually enforceable rights. See Ass'n of Community Organizations for Reform Now v. New York City, 269 F. Supp. 2d 338, 347 (S.D.N.Y. 2003). Second, to the extent that plaintiff seeks to assert a claim under the Individuals

---

[1] Nor does the docket reveal any further attempt at proper service by plaintiff following the filing of the federal defendant's motion.

[2] Because plaintiff's motions for leave to amend the complaint have been allowed, I consider the arguments in support of dismissal raised by the state defendant not only in its original motion to dismiss (#10), but also in its subsequent filings (##15 and 19).

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., she has failed to exhaust her administrative remedies and is thus barred from bringing a claim in federal court.  See Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002).  Third, to the extent that plaintiff claims unspecified civil rights violations (e.g., Docket #18, ¶ 1), the assertion is unsupported by any factual allegations.  Finally, plaintiff's request to consolidate this case with a state court case involving the Commonwealth and the Roxbury Charter High Public School is denied because, as defendant points out, the state case is not pending in federal court and, in addition, plaintiff has made no showing that the cases involve the same questions of law or fact.  See Fed. R. Civ. P. 42(a).  Having considered all possible bases for relief asserted in the complaint and its amendments, I find that plaintiff has failed to state cognizable claim and that dismissal is therefore appropriate.

5.   Conclusion

Plaintiff's motion for a hearing (#24) is moot.  Plaintiff's motion for leave to amend (#13) is allowed.  Plaintiff's motion for leave to amend and for entry of default (#18) is allowed insofar as it seeks leave to amend, but denied insofar as it seeks entry of default.  The federal defendant's cross-motion to dismiss (#20) is allowed.  The state defendant's motion to dismiss (#10) is allowed.

Judgment may be entered dismissing the complaint and all proposed amendments.

_____07/10/06_____                              /s/ Rya W. Zobel_____

DATE                                    RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE